UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-855-CMC |
| v. | **OPINION and ORDER** |
| Christopher Ryan Hayes, | |
| Defendant. | |

This matter is before the court on Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response to the Government's motion, and this matter is ripe for resolution.

**I. BACKGROUND**

Defendant and two other individuals were charged in a four-count indictment relating to two separate armed robberies of Walgreens' pharmacies. The robberies took place December 23, 2007, in Gaffney, South Carolina, and January 23, 2008, in Lexington, South Carolina. Defendant was charged with two counts of interference with commerce by threats or violence (a "Hobbs Act robbery"), a violation of Title 18, United States Code, Section 1951(a)), and two counts of using or carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)).[1]

Defendant exercised his right to trial by jury. As is relevant to several issues raised by Defendant in this motion for relief, a victim witness of the Gaffney robbery, Patrick Richardson

---

[1] All four counts also charged Defendant with aid and abet, a violation of 18 U.S.C. § 2.

1

(Richardson), testified during the Government's case-in-chief. During direct examination, Richardson made an unanticipated in-court identification of Defendant as one of the perpetrators of the Gaffney robbery. This identification ran afoul of the trial strategy of Defendant's counsel, presented in opening argument, that Defendant did not participate in the robbery and that none of the victims could identify Defendant.

Outside the presence of the jury, it was determined that Drug Enforcement Administration (DEA) agents met with Richardson on December 18, 2008, about three months prior to trial and almost a year after the Gaffney robbery. Richardson testified that he had been shown a series of photographs on that date, but that he was unable to identify any of the individuals in the photographs as being involved in the Gaffney robbery.

Special Agent Debra Black and Special Agent Angie Radcliff both testified outside the presence of the jury and Richardson. These agents both testified that they had only shown Richardson one photograph, a still picture taken from the store's video footage of the robbery. The agents testified Richardson had been unsure about the identity of the individual in the photograph, and therefore they had elected not to show him an additional set of photographs which they had taken to the interview in a manila folder. The agents' written report of that meeting did not indicate Richardson had been shown photographs, only that he had been "unable to provide any further identification of any of the three men." Trial Transcript (Vol. 1) at 132 (court quoting DEA-6 report from December 18, 2008, interview) (ECF No. 246).

At the conclusion of the testimony and argument on this issue, this court found the DEA-6 was incomplete, and that the failure to include the information that Richardson had been shown at least one photograph and had still been unable to identify any individual was a violation of *Brady*

*v. Maryland*, 373 U.S. 83 87 (1963). Defense counsel moved to suppress the in-court identification, which this court denied. *Id*. at 133. The court found that

> in the light most favorable to the defendant and assuming that the witness's testimony that he was shown photographs is correct, and finding that even if that occurred and even if the testimony of the DEA agents is not correct . . . [t]here has to be, it seems to me, some showing that the initial identification was impermissibly suggestive or that the in-court identification has been somehow tainted. And at this point I don't find any evidence of either of those things. I think it's a jury issue as to whether or not the in-court identification is credible.

*Id*. at 134. After additional testimony by Richardson before the jury, Defendant's counsel moved for mistrial based on the *Brady* violation, which was denied. *Id*. at 157-58.

After a four-day trial, Defendant was convicted on all four counts. A Presentence Report (PSR) was thereafter prepared in anticipation of sentencing. Defendant, through counsel, filed objections to the PSR, and the matter was set for sentencing.

On June 8, 2009, Defendant appeared with counsel for sentencing. Defendant's objections were withdrawn in part and overruled in part, and Defendant's request for a variance was granted.[2] Defendant was sentenced to 441 months' imprisonment, and he thereafter filed a timely Notice of Appeal to the Fourth Circuit Court of Appeals. On November 24, 2010, the Fourth Circuit affirmed Defendant's convictions and sentence in an unpublished *per curiam* opinion. *See United States v. Miller, et al.*, 401 F. App'x 792 (4th Cir. 2010).

---

[2]The court granted a variance to account for a potential disparity in Defendant's sentence with that of two co-defendants' sentences who had not received a four-level enhancement for abduction in support of the offense under U.S.S.G. § 2B3.1(b)(4)(A).

3

On November 23, 2011, Defendant filed the instant motion.[3] Defendant raises four claims for relief. Defendant's first Ground for Relief contends he suffered a Due Process violation based upon the *Brady* violation and the allegedly false testimony by DEA Agents Black and Radcliff during trial. Defendant's second Ground for Relief alleges a Sixth Amendment violation relating to denial of counsel's motion for mistrial. Defendant's third Ground for Relief argues ineffective assistance of counsel, both during trial and on appeal. Defendant's fourth Ground for Relief contends he suffered a Due Process violation "when material evidence shown to a victim witness in the case, namely, individual head shot photos were withheld from the [Defendant] at trial." Mot. to Amd. at 3 (ECF No. 278).

## II. STANDARD – INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's third Ground for Relief asserts that he received ineffective assistance of counsel, both at trial and on appeal.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506

---

[3]The motion was received by the Clerk of Court for filing on November 28, 2011. Because Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988).

U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991).

The second prong of the *Strickland* test requires Defendant also establish prejudice. Defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Pointing to some "conceivable effect on the outcome of the proceeding" is insufficient to satisfy the required proof of prejudice. *Id*. at 693. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 792 (2011).

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983). *See also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those

more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751). *See also Smith*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. *See id*. at 285-86.

### III. DISCUSSION

#### A. GROUNDS I, II & IV – DUE PROCESS VIOLATIONS

As noted by the Government, Defendant did not raise the matters asserted in Grounds One, Two, and Four in his direct appeal, and these claims have been procedurally defaulted. Defendant argues that he did not "deliberately bypass these issues on appeal," Memo. in Supp. at 3 (ECF No. 287), and that default should be excused based on counsel's alleged ineffectiveness in failing to raise these matters on appeal.[4]

---

[4]Defendant maintains in his motion that counsel was ineffective in failing to raise Grounds One and Two in Defendant's direct appeal. The court will discuss this in the context of considering Defendant's overall ineffectiveness argument.

A collateral attack may not do service for a direct appeal. *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). Constitutional issues that were capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion so long as the defendant demonstrates "cause and actual prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982); *United States v. Maybeck*, 23 F.3d 888, 891 (1994). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Actual prejudice is then shown by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

Defendant argues "cause" based upon alleged ineffective assistance of counsel. Defendant contends that as trial counsel objected to the "the *Brady* material and allowance of victim witnesses in-court identification[,]" during trial, Memo. in Resp. at 3 (ECF No. 287), appellate counsel was ineffective in failing to raise this preserved issue on appeal.

Defendant, however, points to no authority or evidence that suggests counsel erred in assessing whether to raise this issue on appeal. Nor has Defendant provided any bases on wich to contend the appellate court would have that found this court erred in its ruling on this issue. The undersigned found that

> even assuming that [Richardson] is correct and that he was shown a photo spread which contained a photograph of the Defendant Hayes, the court does not find that that was impermissibly suggestive and does not find that the evidence supports a conclusion that the showing of the photo spread in December of 2008, approximately one year after the incident and approximately four months before the trial, rendered an in-court identification impermissible. There is no evidence at this point that that photographic array is what enabled [Richardson] to be able to identify Mr. Hayes.

7

Tr. of Trial at 133 (ECF No. 246, filed Feb. 1, 2010).

> Additionally, the court ruled:
>
> In terms of what actually happened that day on December the 18th when the two DEA agents interviewed the witness, I think that's going to be a matter for the jury to decide, and I don't – I'm taking it from the point of view of the defendant, in the light most favorable to the defendant and assuming that the witness's testimony that he was shown photographs is correct, and finding that even if that occurred and even if the testimony of the DEA agents is not correct, that it would still not require – the way in which it happened per the witness would not permit suppression of the in-court identification.
>
> There has to be, it seems to me, some showing that the initial identification was impermissibly suggestive or that the in-court identification has been somehow tainted. And at this point I don't find any evidence of either of those things. I think it's a jury issue as to whether or not the in-court identification is credible.

*Id*. at 134.

> Finally, the undersigned found that
>
> the witness's testimony is that he was shown a photo spread and he was unable to identify anyone. That should have been contained in the DEA 6 if it happened.
>
> Even viewing the evidence taken in the light most favorable to the defendant at this point, that in fact that happened and it was not revealed and therefore there was a *Brady* violation, there still has been no showing of prejudice, because the defense has had access to all the information before it had to cross-examine the witness, was able to cross-examine the witness, and will be able to elicit further testimony that might impair the reliability of the in-court identification from the DEA agents, who obviously are going to testify contrary to the witness and have testified [in camera] contrary to the witness.
>
> So, for all those reasons, I deny your motion to suppress the in-court identification, I deny your motion for mistrial, and I deny any motion relating to a *Brady* violation as far as suppressing any evidence.

*Id*. at 157-58.

In sum, there is nothing to support any argument that Defendant was prejudiced by counsel's failure to raise the identification issues on appeal. Accordingly, the court finds Defendant has failed to establish cause and prejudice.

Even if Defendant cannot excuse procedural default by demonstrating cause and prejudice, this court may review the merits of a defaulted claim if Defendant can show actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To establish actual innocence, a defendant "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that [Defendant] did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a [defendant] is legally, but not factually, innocent." *Mikalajanus*, 186 F.3d at 494.

The evidence at trial, consisting of the testimony of co-conspirator participants and others, was voluminous. Defendant was specifically identified not only by Richardson, but also by his co-conspirators, as one of the perpetrators of both robberies, and that he carried a firearm in both robberies. The jury's verdict of guilty as to all counts evidences the strength of the Government's case.

Accordingly, as Defendant has failed to establish either cause and prejudice or actual innocence, Grounds One, Two, and Four are procedurally defaulted. The Government is entitled to summary judgment on these grounds and they are dismissed with prejudice.

### B. Ground III – Ineffective Assistance of Counsel

Defendant's remaining Ground for Relief is that counsel was ineffective both at trial and on appeal. Defendant contends that counsel was ineffective in presenting a defense based upon no witness being able to identify Defendant; in allegedly failing to "properly prepare for trial due to material and exculpatory evidence being withheld by the government," Mot. at 10 (ECF No. 272);

9

in failing to present issues relating to the *Brady* violation on appeal; and in failing to present a defense concerning the firearms charge. *Id*. at 11.

The court finds, for the reasons discussed above, that counsel was not ineffective in failing to raise the *Brady* issue on appeal. Accordingly, the court will address the remaining matters relating to counsel's actions.

In response to Defendant's motion, trial and appellate counsel, Joshua Kendrick (Kendrick), avers that while the identification by Richardson did affect his trial strategy, witness identification was not his lone defense strategy, "but I was certainly trying to take advantage of the fact there were no witnesses before trial that could identify my client." Aff. of Joshua S. Kendrick at ¶ 8 (ECF No. 281-2). Counsel attests that while he was unable to prepare cross-examination with the benefit of the "interviews" he was not provided, he "was unable to find error with the district court's ruling on this issue, which is why [he] did not raise it on direct appeal." *Id*. at ¶ 11. Counsel avers that Defendant "always maintained his innocence of these charges and that he was not present at any of the robberies[,]" *id*. at ¶ 14, and therefore a defense to the 924(c) charges "would have been inconsistent with my assertions of his innocence, so I did not consider it." *Id*. at ¶ 16.

In response, Defendant presents no evidentiary support to his conclusory arguments. As noted by the Government, counsel objected the moment Richardson's identification was imminent, adequately and fully voiced objections to the identification, called for and participated in a lengthy *in camera* questioning of the Richardson and the DEA agents outside the presence of the jury, and sought a continuance to conduct research on the issue. After an extended lunch break, counsel presented case law in support of his position and conducted additional questioning of Richardson. This court ultimately disagreed with defense counsel's position and denied the motions for mistrial,

suppression of the in-court identification, and counsel's motion related to the *Brady* violation. However, the court finds that these objective actions by counsel indicate he was not ineffective in his representation of Defendant. Accordingly, the court finds counsel was not ineffective in any regard, and the Government is entitled to summary judgment on this Ground for Relief and it is dismissed with prejudice.

### IV. CONCLUSION

For the reasons noted above, the Government's Motion for Summary Judgment is **GRANTED.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 14, 2012