UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:08-855-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Christopher Ryan Hayes, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's Motion for Reconsideration (ECF No. 320) and Motion to Supplement Pleadings (ECF No. 321). For the reasons below, Defendant's motions are **denied**.

**MOTION FOR RECONSIDERATION**

Defendant has moved for reconsideration, contending this court committed clear error when it "failed to address [Defendant's] clear and substantiated facts concerning material evidence in the possession of the Government which was excluded at trial." Mot. at 5. Defendant maintains that he has "shown by clear and convincing evidence through trial testimony that there was admittedly more than just a single page photo line up at the meeting with witness Richardson which was missed, or ignored the court causing clear error in its opinion . . . ." *Id*. at 6.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

1

F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

In the consideration of Defendant's motion for relief under 28 U.S.C. § 2255, the court considered Defendant's "Judicial Notice Under Civil Rules of Evidence 201(b)." Additionally, in the Opinion and Order filed September 14, 2012, the court made specific findings relating to the issue Defendant raises in the current motion; namely, that the Ground asserting a Due Process violation relating to the photographs was procedurally defaulted, and that Defendant was unable to establish either cause and prejudice or a miscarriage of justice to overcome the default. *See* Opinion and Order 6-9 (ECF No. 317).

Accordingly, Defendant's motion for reconsideration is **denied**.

**MOTION TO SUPPLEMENT PLEADINGS**

On January 24, 2012, Defendant filed a motion to supplement Pleadings Under Rule 15. ECF No. 321. Defendant seeks to "supplement his pending Motion to Amend," in supplementing his Third Ground for Relief in his original § 2255 motion to assert an additional claim of ineffective assistance of counsel due to counsel's failure to consult with and call as a witness "an expert witness in 'Eyewitness Psychology' to educate the jury . . . ." Mot. at 7.

The court issued its Opinion and Order ending this matter on September 14, 2012. A pending motion for reconsideration does not reopen all matters, only the specific matter upon which a party seeks a ruling.

2

Accordingly, to the extent Defendant's motion is a proper motion to supplement or amend, Defendant's motion is **denied**.[1]

**IT IS SO ORDERED.**

          s/ Cameron McGowan Currie
          CAMERON McGOWAN CURRIE
          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2013

---

[1] Defendant's motion can also be construed to be a second or successive motion for relief under § 2255, as it seeks to address a claim which could have been pursued in the original § 2255 motion. Defendant's failure to secure permission to file a second or successive motion in the Fourth Circuit Court of Appeals prior to the filing of such as motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

    The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Accordingly, to the extent Defendant's motion can be construed as a second or successive motion for relief under § 2255, this motion is dismissed as this court is without jurisdiction to consider it.