UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-855-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Stephen Ray Miller, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response to the Government's motion, and this matter is ripe for resolution.

**I. BACKGROUND**

Defendant and two other individuals were charged in a four-count indictment regarding two separate armed robberies of Walgreens' pharmacies. The robberies took place December 23, 2007, in Gaffney, South Carolina, and January 23, 2008, in Lexington, South Carolina. Defendant was indicted for his involvement in the Lexington robbery. Defendant was charged with one count of interference with commerce by threats or violence ("Hobbs Act robbery"), a violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 (aid and abet) (Count Three), and one count of using or carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C) and 18 U.S.C. § 2 (aid and abet) (Count 4).

1

Defendant exercised his right to trial by jury. At trial, Defendant presented two alibi witnesses who testified Defendant was at home at the time of the Lexington robbery. After a four-day trial, Defendant was convicted on both counts. A Presentence Report (PSR) was thereafter prepared. Defendant, through counsel, filed objections to the PSR, and the matter was set for sentencing.

On June 8, 2009, Defendant appeared with counsel for sentencing. Defendant's objections were withdrawn in part and overruled in part, and Defendant's request for a variance was granted. Defendant was sentenced to 121 months' imprisonment. Defendant filed a timely Notice of Appeal to the Fourth Circuit Court of Appeals. On November 24, 2010, the Fourth Circuit affirmed Defendant's convictions and sentence in an unpublished *per curiam* opinion. *See United States v. Miller*, 401 F. App'x 792 (4th Cir. 2010).

**II. DISCUSSION**

On February 16, 2012, Defendant filed the instant motion, together with a motion for appointment of counsel.[1] Defendant raises several grounds for relief which this court will address *ad seriatim*, as Defendant has shifted and repackaged the presentation of his arguments in his Reply to the Government's summary judgment motion.[2]

---

[1] The motions were received by the Clerk of Court for filing on February 29, 2012. Because Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988).

[2] Indeed, Defendant re-asserts his First and Second Grounds for Relief as ineffective assistance of counsel claims. Because trial counsel addressed these issues in the affidavit he provided to the court in support of the Government's motion for summary judgment, additional briefing from the Government is not required.

2

### A. GROUNDS WITHDRAWN

In his Reply to the Government's summary judgment motion, Defendant withdraws his Sixth Ground for relief (relating to certain evidence considered by the jury which he contends was overly prejudicial), and his claim of ineffective assistance of counsel relating to a stipulation to certain trial exhibits (part of Ground Four). Therefore, the Government is entitled to summary judgment on these claims and they are dismissed with prejudice.

### B. CLAIMS TO BE DISMISSED ON PROCEDURAL GROUNDS

#### 1. DEFAULTED CLAIMS

Defendant's First Ground for Relief argues he is "factually innocent" of the § 924(c) conviction.[3] Defendant's Second Ground for Relief maintains his conviction is not valid because he met with counsel at a restaurant "during the trial phase of this case and members of the jury were present and overheard our conversations in regard to the case." Mot. at 5.[4] Defendant's Fifth Ground for Relief contends the Government committed prosecutorial misconduct in "allowing DEA Agent Black to testify in regard to prior criminal record during open court in front of the jury on two occasions." *Id*. at 10.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quotation omitted). Accordingly, Defendant may not ordinarily bring a claim in a §2255 motion that he did not raise in his direct appeal. To bring such a claim in a §2255 motion, Defendant must show either cause and actual

---

[3]To the extent Defendant raises this as an ineffective assistance of counsel claim in his Reply, it is addressed *infra*.

[4]*See* footnote 3, *supra*.

prejudice or actual innocence. *See id*., 523 U.S. at 622. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 492-493 (4th Cir. 1999). Actual prejudice is established by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

Defendant has shown neither cause and prejudice for his failure to raise theses issues on appeal, nor actual innocence. Defendant admits he was involved in the robbery. *See* Aff. of Stephen Ray Miller at 2 (averring that he "admitted [to counsel] I was part of [the] Lexington [robbery], and used BB guns during that robbery.") (ECF No. 316-1)). Defendant's admitted presence at the Lexington robbery, moreover, precludes a claim of innocence on the 924(c) count. Defendant was charged with aid and abet, a violation of 18 U.S.C. § 2. Therefore, even assuming Defendant carried a B.B. gun during the robbery, he presents no persuasive argument or evidence that his co-defendant, Christopher Hayes (Hayes), did not carry a firearm. Accordingly, Defendant's conviction under an aid and abet theory is unassailable.

Out of an abundance of caution, however, the court has considered Defendant's First and Second Grounds for Relief under the rubric of ineffective assistance of counsel because Defendant's counsel addressed these Grounds in his affidavit which counsel supplied in support of the Government's motion for summary judgment. These Grounds are discussed below. Accordingly, the Government is entitled to summary judgment on Grounds One and Two (to the extent they are not raised as ineffective assistance of counsel claims) and Ground Five, and these Grounds are dismissed with prejudice except as considered below.

### 2. ISSUE RAISED ON APPEAL

Defendant's Third Ground for Relief alleges the Government failed to meet its burden of proof that the guns carried were "in fact" firearms as defined under 18 U.S.C. § 921(a)(3). Mot. at 7.

This issue was raised on appeal and decided against Defendant. Accordingly, this court's consideration of this claim is foreclosed. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court"). In his Reply, Defendant attempts to recast this Ground for Relief as an argument that he suffered a Due Process violation when he was convicted "on evidence from which no rational trier of fact would have found [Defendant] guilty beyond a reasonable doubt." Reply at 10.

Defendant did not raise this issue as a Due Process claim in his original § 2255 motion, nor has he sought leave to amend the § 2255 motion to assert a Due Process claim. However, even assuming this claim could be considered by this court, it is without merit. As noted by the Government, several witnesses testified that Hayes carried a firearm in connection with the Lexington robbery. Accordingly, as noted above, the fact that Defendant allegedly carried a B.B. gun does not undermine his § 924(c) conviction.

Accordingly, the Government is entitled to summary judgment on Ground Three, and it is dismissed with prejudice.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's Fourth Ground for Relief argues that he received ineffective assistance of counsel during the course of pretrial and trial proceedings. Additionally, Defendant's First Ground for Relief contains an assertion that appellate counsel was ineffective in failing to include an argument regarding Defendant's alleged failure to possess a firearm during the robbery, and that counsel was ineffective in allegedly allowing jurors to overhear privileged conversations at a local restaurant during the course of the trial.

The Government argues Defendant's admission of guilt as to the robbery negates his allegations regarding counsel's ineffectiveness. Moreover, the Government contends that as Defendant was charged with aid and abet (18 U.S.C. § 2) in Count 4, any claim by Defendant that he was carrying a B.B. gun is without merit, as Defendant offers no viable argument that co-defendant Hayes, who was also convicted on Count 4, was not carrying a firearm.

The court agrees with the Government in all respects except as discussed below regarding a plea offer. Defendant now admits his participation in the robbery. *See* Aff. of Stephen Ray Miller at 2 (averring that he "admitted [to counsel] I was part of [the] Lexington [robbery], and used BB guns during that robbery."); *See also id*. at 4 ("I was conflicted about testifying at trial because *I knew I was guilty of robbery*, but not of the gun . . . .") (emphasis added); *Id*. at 2 ("I told Betts[ ] we specifically brought BB guns to ensure no one got hurt, even accidentally."). *See also* Reply at 3 (ECF No. 316) ("The Government is absolutely correct: Mr. Miller concedes his guilt to the Lexington robbery."). Based on this admission, Defendant suffered no prejudice from either trial or appellate counsel's alleged ineffectiveness except as discussed below. Moreover, Defendant offers no objective evidence regarding Defendant Hayes' actions in carrying a firearm, and therefore

6

his conviction on Count 4 was viable on an aid and abet theory. Accordingly, the Government is entitled to summary judgment as to all of Defendant's claims relating to ineffectiveness of counsel except as discussed below regarding a plea offer, and these claims are dismissed with prejudice.

### A. PLEA OFFER

The remaining issue relates to counsel's alleged ineffectiveness regarding a plea offer. In support of his § 2255 motion, Defendant avers that "Mr. Betts failed to discuss the possibilities of a plea agreement[,] [f]ailed to seek a plea agreement from the government and never mentioned to me whether or not the Government had infact [sic] offered me a plea in this instant matter . . . ." Aff. of Stephen R. Miller (hereinafter "Miller Aff. I") at ¶ 10 (ECF No. 289-2).

In response, counsel David Betts attests that

> Mr. Miller's adamant defense was always that he was not a participant in the robbery for which he was convicted. He offered his sister and his former girlfriend as alibi witnesses to the fact that he was home with them at all times pertinent times in question. . . . The government offered Miller a standard plea agreement giving him an opportunity to testify against his co-defendant and this was fully discussed with Mr. Miller. [I] thoroughly reviewed the evidence against Mr. Miller and urged him to seriously consider entering a plea, but he declined, insisting on his absolute innocence.

Aff. of David B. Betts (hereinafter "Betts Aff.") at 1, 2 (ECF No. 307-2). Betts offers no further details of the purported plea offer.

In response, Defendant submits a second affidavit to this court. He avers that he was never "presented" a plea agreement, but that he was "told by attorney Betts that in order to get a plea, I had to testify against other co-defendants." Aff. of Stephen R. Miller (hereinafter "Miller Aff. II") at ¶¶ 13, 14 (ECF No. 316-1, filed July 16, 2012). Defendant also avers that "I was never told about the

7

option of entering an open plea [and that] I was never told I could plead guilty to one charge and go to trial on another." *Id*. at ¶¶ 14, 15.

## B. STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991).

The second prong of the *Strickland* test requires Defendant to also establish prejudice. Defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Pointing to some "conceivable effect on the outcome of the proceeding" is insufficient to satisfy the required proof of prejudice. *Id*. at 693. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 792 (2011).

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

**C. DISCUSSION**

In 2012, the Supreme Court decided *Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376 (2012). In *Lafler*, the Court reiterated that a Defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. 132 S. Ct. at 1384. If a plea offer is made and not conveyed to a defendant, counsel is deemed ineffective.

However, Defendant must also establish that but for counsel's ineffectiveness, he suffered prejudice. To establish prejudice under *Lafler*, Defendant

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385. In considering whether a defendant has established prejudice, a court "may take account of a defendant's earlier expressed willingness, or unwillingness to accept responsibility for his or her actions." *Id*. at 1389.

Defendant's claim fails for several reason. First, Defendant is inconsistent in his averments presented to this court. In his initial affidavit presented in support of his § 2255 motion, Defendant attests that Betts "never mentioned to me whether or not the Government had infact [sic] offered me

9

a plea in this instant matter[.]" Miller Aff. I at ¶ 10.  However, in response to Betts' affidavit, Defendant attests that Betts told him "in order *to get a plea*, I had to testify against the other co-defendants."  Miller Aff. II at ¶ 14 (emphasis added).  The court finds it unlikely Betts would have told Defendant of a requirement to testify against other co-defendants unless he and Defendant were discussing a proposed plea offer from the Government.

Second, Defendant's defense at trial was that he was not present during the robbery. Defendant offered two alibi witnesses who testified Defendant was at home at the time of the robbery.  Additionally, Defendant, through counsel, reiterated at sentencing that he was not present at the robbery.  *See* Tr. of Sentencing at 3 (ECF No. 233) ("I would point out the addendum doesn't actually set forth the first sentence of my objections, which was that Mr. Miller persists in his claim of innocence and therefore denies any factual allegations in the report connecting him in any way with the robbery of Walgreens at Lexington.  I did not try to address every single reference to him in it.  I note that only for the record, and so he persists in that.").  *See also id*. at 15 ("[A]nd, again, subject to his objections that he's not guilty of any of this . . . .").  This continued assertion of innocence, both in written objections to the PSR and orally at sentencing, certainly goes to Defendant's "earlier expressed willingness, or unwillingness to accept responsibility for his or her actions." *Lafler*, 132 S. Ct. at 1389.

Finally, and most importantly, Defendant makes no averment that he would have accepted a plea offer and foregone his right to proceed to trial.  In *Lafler*, the Court reiterated several times that the criminal defendant, Cooper, had "expressed a willingness to accept the [plea] offer." *Lafler*, 132 S. Ct. 1383.  *See also id*. at 1387 ("He maintains that, absent ineffective counsel, he would have accepted a plea offer . . . ."); 1391 ("As to prejudice, [Cooper] has shown that but for counsel's

deficient performance there is a reasonable probability he . . . would have accepted the guilty plea.").[5]

Defendant seeks to cover all his bases by attesting that "I was never told about the option of entering an open plea [and] I was never told I could plead guilty to one charge and go to trial on another." Miller Aff. II at ¶ 15-16. However, Defendant was advised at his arraignment, pursuant to Rules 10 and 11 of the Federal Rules of Criminal Procedure, of his right to plead "not guilty, guilty, or (with the court's consent) nolo contendere" to the offenses with which he was charged. Fed. R. Crim. P. 11(a)(1). As to whether he could plead guilty to one offense and proceed to trial on another, the court finds that any alleged failure by counsel to advise Defendant of this option was of no prejudice to Defendant. If he entered a plea as to Count 3 (as to which he now claims he was involved), he would have proceeded to trial on Count 4. As noted above, Defendant's conviction on Count 4 was based upon several witnesses testifying that he carried a firearm, and even if (as he now contends) he did not carry a firearm, he conviction would stand based on the conviction of his co-defendant, Hayes, under the aid and abet theory.

For these reasons, Defendant utterly fails to establish prejudice. Accordingly, the Government is entitled to summary judgment on this claim for relief, and it is dismissed with prejudice.

---

[5] Indeed in the underlying case, the Sixth Circuit noted that Cooper had "*testified* that, had he known that a conviction for assault with intent to commit murder was possible, he would have accepted the state's [plea] offer." *Cooper v. Lafler*, 376 F. App'x. 563, 571 (6th Cir. 2010) (emphasis added), *vacated by* 132 S. Ct. 2321 (2012).

## IV. CONCLUSION

For the reasons noted above, the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice.*[6]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 29, 2013

---

[6]As the Government is entitled to summary judgment, Defendant's motion for appointment of counsel is denied.

12